UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BUCCIE CLINE III,
     Plaintiff,

v.                                 Case No.: 3:25cv2684/TKW/ZCB

DEPUTY BANKS, et al.,
     Defendants.
                                   /

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this case by filing a civil rights complaint. The Court informed Plaintiff of deficiencies in his previous two complaints and ordered him to file a second amended complaint. (Docs. 4, 6). Plaintiff has now filed a second amended complaint. (Doc. 8).

Because Plaintiff is proceeding *in forma pauperis*, the Court is required to review the second amended complaint to determine whether this action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B). Having reviewed the second amended complaint, the Court believes dismissal of Plaintiff's excessive

1

force claim (Claim 2) is warranted for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## I.   Plaintiff's Allegations[2]

Plaintiff names two Defendants in the second amended complaint: (1) Deputy Banks, and (2) Deputy Swoboda.  (Doc. 8 at 3).  Both are from the Escambia County Sheriff's Office.  (*Id.*).  Plaintiff alleges that on August 12, 2023, he was "stopped or parked" in a parking lot at Pensacola Beach.  (*Id.* at 9).  Defendant Banks informed Plaintiff that the registered owner of the vehicle's license had been suspended.  (*Id.*).

Plaintiff "questioned the basis for the encounter and requested a supervisor."  (*Id.*).  Defendant Banks then ordered Plaintiff to get out of the vehicle.  (*Id.*).  Plaintiff responded by "question[ing] the legality of the order."  (*Id.*).  Defendant Banks then forcibly removed Plaintiff from the vehicle.  More specifically, Plaintiff alleges that Defendant Banks forced

---

[1] The Court previously advised Plaintiff of deficiencies with his excessive force claim and provided him with an opportunity to amend.  (Doc. 6 at 6-7).  Plaintiff has filed a second amended complaint, but the excessive force claim remains deficient.  Thus, dismissal of that claim is warranted. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (stating that "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint").

[2] Because this case is at the pleading stage, the Court assumes the truth of Plaintiff's allegations. *DeVillier v. Texas*, 601 U.S. 285, 288 n.1 (2024).

Plaintiff's arm behind him and twisted his arm in an excessive manner, which resulted in pain.  (*Id.*).

Plaintiff was then placed under arrest for driving on a suspended license and resisting arrest without violence.  (*Id.*).  Next, Defendant Swoboda arrived.  The two officers allegedly proceeded to search Plaintiff's vehicle without his consent or a warrant.  (*Id.* at 10).  According to Plaintiff, the search yielded no contraband.  (*Id.*).  Plaintiff alleges that the charges against him were later dismissed.  (*Id.*).  And he claims that he sought medical treatment through the VA for shoulder pain resulting from the arrest.  (*Id.* at 11).

In the second amended complaint, Plaintiff claims he suffered the following Fourth Amendment violations: (1) "Unlawful Seizure/Arrest" against Defendant Banks; (2) "Excessive Force" against Defendant Banks; and (3) "Unlawful Vehicle Search" against Defendants Banks and Swoboda.  (*Id.* at 12-13).  As relief, Plaintiff seeks monetary damages. (*Id.* at 14).

## II.   Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to

3

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (cleaned up).

## III.   Discussion

In Claim 2 of the second amended complaint, Plaintiff alleges that Defendant Banks violated the Fourth Amendment by using excessive force when he pulled Plaintiff out of the car and bent his arm behind him. (Doc. 8 at 12-13).  "Officers are permitted to use some force to effectuate an arrest."  *Bolton v. Sheriff of Coweta Cnty.*, __ F.4th __, 2026 WL 1429373, at *4 (11th Cir. May 21, 2026).  "The use of *de minimis* force does not violate the Fourth Amendment."  *Id.*  "For even minor offenses, permissible force includes physical restraint, use of handcuffs, and pushing into walls."  *Id.* (cleaned up).

Even accepting Plaintiff's allegations as true, Defendant Banks used *de minimis* force to effectuate Plaintiff's arrest when he pulled Plaintiff from his vehicle and twisted his arm behind his back. Indeed, courts have repeatedly rejected similar excessive force claims. *See, e.g.*, *Bolton*, __ F.4th at __ , 2026 WL 1429373, at *4 (holding deputy used *de minimis* force when he "removed [plaintiff] from his vehicle, laid him on the ground, put his knee on his back, and handcuffed his hands behind his back"); *Brown v. City of Huntsville*, 608 F.3d 724, 740 (11th Cir. 2010) (finding *de minimis* force was used when an officer grabbed a suspect's arm, twisted it around his back, jerked it up high to the shoulder, and then handcuffed him); *Nolin v. Isbell*, 207 F.3d 1253, 1257 (11th Cir. 2000) (holding the amount of force used by the arresting officer when he grabbed plaintiff from behind, threw him against a van, kneed him in the back, searched his groin area in an uncomfortable manner, and handcuffed him was *de minimis* and "the application of *de minimis* force, without more, will not support a claim for excessive force in violation of the Fourth Amendment."); *Myers v. Bowman*, 713 F.3d 1319, 1327-28 (11th Cir. 2013) (finding excessive force was not used by officer who grabbed the plaintiff by the arm, forced him to the ground, and then

placed him in handcuffs).  Accordingly, Plaintiff has failed to plausibly allege a Fourth Amendment excessive force claim against Defendant Banks.

## IV.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1.   Plaintiff's excessive force claim against Defendant Banks (Claim 2) be **DISMISSED** for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

2.   This matter be returned to the undersigned for further proceedings regarding Plaintiff's remaining claims (Claims 1 and 3).

At Pensacola, Florida, this 23rd day of June 2026.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation

7

waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.