**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**BUCCIE CLINE III,**

     **Plaintiff,**

**v.**                                                  **Case No.  3:25-cv-2684-TKW-ZCB**

**DEPUTY BANKS, et al.,**

     **Defendants.**

_____/

## <u>ORDER</u>

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 9) and Plaintiff's objection (Doc. 10). The Court reviewed the issues raised in the objection de novo under 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that the excessive force claim against Defendant Banks (Claim 2) should be dismissed for failure to state a plausible claim for relief.

The Court did not overlook Plaintiff's request for leave to "amend or supplement" the excessive force claim.  Generally, leave to amend should be "freely give[n] … when justice so requires," Fed. R. Civ. P. 15(a)(2), but leave to amend can be denied based on a "repeated failure to cure deficiencies by amendments previously allowed," *Foman v. Davis*, 371 U.S. 178, 182 (1962), and here Plaintiff

has had multiple opportunities to plead a legally sufficient excessive force claim, *see* Doc. 9 at 2 n.1.  Thus, leave to amend that claim will be denied.

Accordingly, it is **ORDERED** that:

1.     The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2.     The excessive force claim against Defendant Banks (Claim 2) is DISMISSED under 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted.

3.     This case is returned to the magistrate judge for further proceedings on the other claims in the second amended complaint (Claims 1 and 3).

**DONE AND ORDERED** this 10th day of July, 2026.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**